IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-0125-K |
| | § | |
| JESSIE J. ANTHONY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Wells Fargo Bank N.A.'s ("Wells Fargo") Motion for Default Judgment (Doc. No. 13) against Defendant Jessie J. Anthony ("Anthony") and Defendants Annie Austin, Shirley Miller, Alice Marie Persley, and James Carl Persley (the "Heir Defendants"). After careful consideration of the motion, the relevant portions of the record, and the applicable law, the Court **GRANTS** the motion.

I.     Factual Background

This is a foreclosure action. The Heir Defendants are the children of Decedent Ola Mae Anthony, who died on June 7, 2015, and each, by Decedent's death, acquired an interest in property located at 2415 Garapan Drive, Dallas, Texas 75224 (the "Property"). The Property secures a note (the "Note") evidencing a home equity loan, executed in December 2004, under which Anthony and Decedent were the borrowers. Compl. 4, ¶¶ 12-13. Wells Fargo alleges that it currently owns the Note and is the mortgagee under the Texas Property Code. *Id.* 5, ¶ 15. It further alleges that the Note

1

is in default as of February 1, 2019, that proper notice of default and intent to accelerate has been served, and that default has not been cured. *Id.* 6-7, ¶¶ 20-21. Wells Fargo initiated this declaratory judgment and foreclosure action against Anthony and the Heir Defendants on January 16, 2020, seeking: (1) a declaration that it is the owner and holder of the Note and beneficiary of the security instrument; and (2) a judgment allowing it to foreclose Anthony's and the Heir Defendants' respective interests in the Property. *Id.* 6-8, ¶¶ 23-33. Anthony and the Heir Defendants were all properly served with summonses and copies of the Complaint in February 2020, and none have answered this suit. Wells Fargo filed the Motion for Default Judgment on May 14, 2020, and it is ripe for determination.

## II.     Legal Standard and Analysis

Rule 55 governs applications for default and default judgment. FED. R. CIV. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* (citing FED. R. CIV. P. 55(a)). After the entry of default, a plaintiff may apply to the Court for a default judgment. *Id.*

Default judgment is a drastic remedy, resorted to only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). However, it is a remedy generally committed to the discretion of the district court.

*Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A Charles Alan Wright & Arthur R. Miler, Federal Practice and Procedure § 2685 (4th ed.)). To determine whether to enter default judgment, courts examine: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing Charles Alan Wright & Arthur R. Miler, Federal Practice and Procedure § 2685 (2d ed. 1983)).

In view of the record in this case and the relevant legal standards, including the *Lindsey* factors, the Court finds that entering default against Anthony and the Heir Defendants is appropriate. There are no material issues of fact; rather, due to the default posture of this case, the Court takes Wells Fargo's allegations as against Anthony and the Heir Defendants as true. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, 3:16-CV-1889-M, 2017 WL 373478 at *2 (N.D. Tex. Jan. 26, 2017)(Lynn, CJ.). There is no substantial prejudice against Anthony or the Heir Defendants. They were properly served, *see* Summons Returns (ECF Nos. 6, 7, 8, 9, & 10), the grounds for default against them were clearly established, and the Clerk properly entered default against them. Entering default judgment against a defendant, who has taken no action to respond to a suit, is not "harsh." *See Joe Hand*, 2017 WL

3

373478, at *2 (citing *Lindsey*, 161 F.3d at 893). Anthony and the Heir Defendants have had over four months to respond to Wells Fargo's Complaint, which mitigates the harshness of a default judgment. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)(Lynn, J.). And the Court is aware of no facts that would cause it to set aside the default judgment should Anthony or the Heir Defendants challenge it.

The Court also finds that the pleadings sufficiently support a default judgment, and because Wells Fargo is not asking for money damages, default judgment can be entered without a hearing. The Court construes Wells Fargo's request for a declaratory judgment as a claim under the Federal Declaratory Judgment Act. *BOKF, N.A. v. Logan*, 3:19-CV-2910-B, 2020 WL 1470803, at *4 (N.D. Tex. Mar. 26, 2020)(Boyle, J.) (citing *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017)). A "decedent's estate and its debts immediately pass to the decedent's heirs at law." *Ocwen Loan Servicing, LLC v. Deane*, 4:15-CV-0682-O, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017), *adopted by* 2018 WL 309105 (N.D. Tex. Jan 5, 2018)(O'Connor, J.). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Id.* (citing *Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.— Amarillo 1977, no writ.).

Further, a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument.

4

*See BOKF, N.A.*, 2020 WL 1470803, at *4 (citation omitted). To succeed on a claim for foreclosure under a home equity loan, a plaintiff must establish that: (1) a debt exists; (2) the debt is secured by a lien created under Article XVI, § 50(a)(6) of the Texas Constitution; (3) the borrowers are in default under the note and security instrument; and (4) the borrowers received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Wells Fargo has demonstrated that a debt exists by its allegations and by providing a copy of the Note. Compl. Ex. A (ECF No. 1-1 at 2-4). Further, Wells Fargo has demonstrated that the debt is secured by a lien on the Property under Article XVI, § 50(a)(6) of the Texas Constitution by providing a copy of the security instrument. Compl. Ex. B (ECF No. 1-1 at 6). Wells Fargo has also established that the Note is in default. Specifically, Wells Fargo has alleged that Anthony and Decedent are the borrowers and that both are parties to the security instrument. Compl. 2, ¶¶ 2-3. It further alleges that payments under the Note are past due. *Id.* 5-6, ¶ 20. Wells Fargo has also sufficiently alleged that the Heir Defendants are Decedent's heirs-at-law. *Id*. 2-3, ¶¶ 4-8. And because Decedent died and her estate has not been probated, the Heir Defendants acquired Decedent's interest—and thus Decedent's obligation—with respect to the Property under the Texas Estates Code. *Id.* 7, ¶ 25; *see also* TEX. ESTATES CODE § 101.001(b) and 101.051(b)(1). Wells Fargo has also alleged that the Heir Defendants have failed to make payments under the Note, Compl. 5, ¶ 19, and that

the outstanding amount as of September 4, 2019, equaled $70,897.48. *Id.* 3, ¶ 9. Finally, Wells Fargo satisfied the fourth element of its foreclosure claims. Although Wells Fargo did not notify the Estate or the Heir Defendants of the default, it has provided copies of notices of default and intent to accelerate addressed to Anthony as well as a notice of intent to accelerate addressed to Decedent, all of which were mailed to the Property via certified mail, which is sufficient notice under Texas law. Compl. Ex. D & E (ECF No 1-1 at 43-46, 48-51). *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam) (Texas law requires only that the *borrower* receive valid notice of default, acceleration, and foreclosure; one who is not a party to the deed of trust is not entitled to such notice.). Moreover, the security instrument here provided that "[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." Compl. Ex. B (ECF No. 1-1 at 15). *See also Wilmington Tr., Nat'l Ass'n v. Blizzard*, 702 F. App'x 214, 217-18 (5th Cir. 2017) (finding co-borrower to have received constructive notice of default and of foreclosure where notice was sent to other co-borrower and deed of trust stated that notice to one borrower constituted notice to all borrowers). The Court accepts these allegations as true, *Joe Hand Promotions*, 2017 WL 373478, at *2, and finds that Wells Fargo has established its foreclosure claim.

Moreover, as discussed above, Wells Fargo has established by its allegations that the Heir Defendants, as Decedent's heirs at law, received an interest in the Property upon her death. By their default, the Heir Defendants admit this. Wells Fargo has an

6

unpaid claim against Decedent's estate, which may be enforced via a statutory probate lien.

Wells Fargo also seeks attorney's fees under Texas Civil Practice and Remedies Code Chapter 38 and the terms of the Note and the security instrument. A prevailing party in a civil action may recover attorney's fees from an individual or a corporation in a claim under a written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also* FED. R. CIV. P. 54(d)(2). While § 38.001(8) uses the term "may," "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.2 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). The Court finds that Wells Fargo is entitled to attorney's fees, the amount of which is to be determined by subsequent motion.

### III. Conclusion

For the foregoing reasons, Wells Fargo's Motion for Default Judgment (Doc. No. 12) is **GRANTED**. Wells Fargo has not indicated whether Decedent has any other living heirs, and, by Order entered June 26, 2020, the Court dismissed this matter as

to Defendant Johnny Persley. Accordingly, the Court enters default judgment as to Anthony and the Heir Defendants only.

**SO ORDERED**.

June 30th, 2020.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE